**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

RAH COLOR TECHNOLOGIES LLC,       :
                                  :
          Plaintiff,              :   CIVIL ACTION
                  v.              :   NO. 2:15-cv-05203-JCJ
RICOH USA INC.,                   :
                                  :
          Defendant.              :

## MEMORANDUM AND ORDER

**JOYNER, J.**                                    **July 6, 2016**

Before this Court are Plaintiff's Motion to Dismiss Counterclaims Nos. 1-14 in Defendant's Answer to Plaintiff's First Amended Complaint (Doc. No. 42), Defendant's Response in Opposition thereto (Doc. No. 48), Plaintiff's Reply to Defendant's Response in Opposition (Doc. No. 49), and Defendant's Sur-Reply thereto (Doc. No. 50). For the reasons outlined in this memorandum, we grant Plaintiff's Motion in full. We also grant Defendant leave to amend its counterclaims pursuant to Rule 15(a).

## Background Facts

Plaintiff RAH Color Technologies LLC ("Plaintiff") brings this patent infringement suit against Defendant RICOH USA, INC. ("Defendant"). Plaintiff's original complaint, filed on September 17, 2015, alleged infringement of eight U.S. patents owned by Plaintiff. (Doc. No. 1). Plaintiff filed their Amended Complaint on April 19,

1

2016. (Doc. No. 33). Defendant responded on May 6, 2016, with an answer asserting fourteen counterclaims. (Doc. No. 39). Seven of Defendant's counterclaims seek a declaration of noninfringement and the other seven seek a declaration of Plaintiff's patent invalidity. Id.

Plaintiff filed a Motion to Dismiss Defendant's fourteen counterclaims pursuant to Federal Rule of Civil Procedure 12(b)(6) on May 23, 2016. (Doc No. 42). Plaintiff argues that the plausibility pleading standard set forth in the Supreme Court's Twombly and Iqbal opinions applies to these counterclaims, and that Defendant's counterclaims failed to meet that standard. Doc. No. 43 at 3-5.

Defendant argues that its counterclaims are properly pled, and that it is still entitled to plead its claims minimally, notwithstanding the recent amendments to the Federal Rules of Civil Procedure. Doc. No. 48 at 9-11 of 30.

**I. Legal Standard**

Federal Rule of Civil Procedure 12(b)(6) provides a defense that may be asserted by motion when an opposing party's claim or counterclaim fails "to state a claim for which relief can be granted." Fed. R. Civ. P. 12(b)(6). Pleadings in civil cases require more than the possibility of relief but "do not require heightened fact pleading of specifics . . . only enough facts to state a claim to relief that

2

is plausible on its face." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (citing <u>Twombly</u>, 550 U.S. at 556).

Federal Rule of Civil Procedure 8(a) sets out general pleading standards and requires "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions[.]". <u>Twombly</u>, 550 U.S. at 555 (citation, internal brackets, and quotation marks omitted). Allegations in counterclaims are held to the same pleading standards as allegations in complaints. <u>Tyco Fire Prods. LP v. Victaulic Co.</u>, 777 F. Supp. 2d 893, 898 (E.D. Pa. 2011)(internal quotation and citation omitted).

## II. Discussion

In order to understand the issues at play, it is helpful to consider context. After <u>Twombly/Iqbal</u>, courts require pleadings to provide fair notice to defendants and to assert more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." <u>Iqbal</u>, 556 U.S. at 678 (quoting <u>Twombly</u>, 550 U.S. at 555). "Threadbare recitals . . . supported by mere conclusory statements, do not suffice." <u>Id.</u>

Form 18, formerly appended to the Federal Rules of Civil Procedure, provided a sample pleading for direct patent infringement that permitted threadbare infringement allegations. The Federal Circuit noted in 2007 that, "a bare allegation of [direct] infringement using the form is inadequate to provide sufficient notice to an accused infringer[,]" but ultimately concluded that Rule 84 would require them "to find . . . a bare allegation of [direct] infringement in accordance with Form 16[1] . . . sufficient under Rule 8(a) to state a claim." McZeal v. Sprint Nextel Corp., 501 F.3d 1354, 1360 (Fed. Cir. 2012); see also Moore's Federal Practice (Matthew Bender 3d ed.), ch 84, Forms § 84.02 ("[A] pleading, motion, or other paper that follows one of the Official Forms cannot be successfully attacked.").

In 2012, the Federal Circuit acknowledged that the "forms in the Appendix suffice under [the Federal Rules of Civil Procedure] and illustrate the simplicity and brevity that these rules contemplate." In re Bill of Lading Trans'mn & Processing Sys. Patent Litig., 681 F.3d 1323, 1334 (Fed. Cir. 2012) (quoting Fed. R. Civ. P. 84). The Federal Circuit held that allegations of direct infringement are sufficient if they follow Form 18, but allegations of indirect infringement are sufficient only if they meet Twombly/Iqbal's plausibility standard. Id. at 1336-37 (internal quotation and citation

---

[1]   What became Form 18 was Form 16 when McZeal was decided.

omitted). The reasons for having different standards for claims of direct and indirect infringement were twofold. First, the Appendix of Forms in the Federal Rules of Civil Procedure only provided a sample pleading for direct infringement, and "the Forms are only controlling for causes of action for which there are sample pleadings." Id. at 1336 (citation omitted). Second, indirect infringement claims contained additional elements not found in direct infringement claims. Id. (internal quotation and citation omitted). The Federal Circuit explained that when "parties argue that *Twombly* and its progeny conflict with the Forms and create differing pleading requirements, the Forms control[,]" because "any changes to the Federal Rules of Civil Procedure must be obtained by the process of amending the Federal Rules and not by judicial interpretation[.]" Id. at 1334 (internal citations and quotation marks omitted).

The Supreme Court, pursuant to 28 U.S.C. §2072, submitted to Congress their amendments to the Federal Rules of Civil Procedure in April 2015, and ordered that these amendments would be applicable to all proceedings commenced on or after December 1, 2015, and all proceedings then pending " insofar as just and practicable." Supreme Court of the United States, Order regarding Amendments to the Federal Rules of Civil Procedure, 3 (Apr. 29, 2015), available at http://www.supremecourt.gov/orders/courtorders/frcv15/(update)1823.pdf (last visited Jun. 20, 2016). These amendments abrogated Rule 84 and

Form 18, explaining that they were "no longer necessary." Fed. R. Civ. P. 84 advisory committee's note to 2015 amendment.

In general, "when amended procedural rules take effect during the pendency of a case, the amended rules will be given retroactive application to the maximum extent possible, unless doing so would work injustice." Paluch v. Sec'y Pennsylvania Dep't Corrs., 442 Fed. Appx. 690, 693 (3d Cir. 2011); see also, Accurso v. Infra-Red Servs., Inc., No. CV 13-7509, 2016 WL 930686, at *3, n.6 (E.D. Pa. Mar. 11, 2016).

Plaintiff argues that in light of the 2015 Federal Rules' Amendment, the heightened standard of pleading set forth by Twombly and Iqbal should apply to all of Defendant's counterclaims, and that, under that standard, Defendant's counterclaims should be dismissed. Defendant argues that the Rules as amended have not altered the pleading standard for patent claims and that its counterclaims are pled sufficiently. We will consider the arguments as they apply to invalidity claims and noninfringement claims separately.

## A. Defendant's Invalidity Counterclaims

Defendant argues that it would be unfair to hold counterclaims of patent invalidity to a higher standard. See, Graphic Packaging Int'l. Inc. v. C.W. Zumbiel Co., No. 1:10-cv-3008-AT, 2011 WL 5829674, at *4 (N.D. Ga. Aug. 1, 2011) ("To require [Defendant] to meet a higher pleading standard on its invalidity counterclaims . . . than

6

[Plaintiff] must meet in pleading its infringement claims would be illogical and inequitable."). District courts in our circuit, however, have followed the Federal Circuit in In re Bill of Lading and have applied Twombly/Iqbal's plausibility standard to patent invalidity allegations in a counterclaim. See Senju Pharm. Co. v. Apotex, Inc., 921 F. Supp. 2d 297, 302-03 (D. Del. 2013)("[T]he court concludes that the pleading standards set forth in Twombly and Iqbal apply to counterclaims of invalidity."); see also Idenix Pharmaceuticals, Inc. v. Gilead Sciences, Inc., No. 13-1987-LPS, 2014 WL 4222902, at *5 (D. Del. Aug. 25, 2014)("Defendants' invalidity-related counterclaims are subject to the requirements of Twombly and Iqbal.").[2]

    To the extent that courts not applying Twombly and Iqbal relied on the principle of equitable pleading, they did so before the Federal Circuit decided that Form 18 applies only to claims of direct infringement. See In re Bill of Lading, 681 F.3d at 1336. Following the reasoning of In re Bill of Lading, it appears the Federal Rules' amendment abrogating both Rule 84 and the Appendix of Forms means that

---

    [2] Even before the Federal Circuit's holding in In re Bill of Lading regarding the applicability of Form 18 in patent cases, Judge Robreno in this Court held that "[d]etermining whether Defendant's counterclaim on the same grounds suffices requires the Court to consider whether Defendant's claim of invalidity or unenforceability is 'plausible' under Twombly and Iqbal." See Tyco, 777 F. Supp. 2d at 903-04.

claims of direct infringement are now also subject to the Twombly/Iqbal pleading standard.[3]

Defendant here argues that the Amendments' Advisory Committee's Note stating "[t]he abrogation of Rule 84 does not alter existing pleading standards or otherwise change the requirements of Civil Rule 8" means that Form 18 is still sufficient for some patent claims. Fed. R. Civ. P. 84 advisory committee's note to 2015 amendment. District courts, however, have identified Twombly and Iqbal as those "existing pleading standards." See Atlas IP, LLC v. Exelon Corp., No. 15 C 10746, 2016 WL 2866134, at *5 (N.D. Ill. May 17, 2016); Asghari-Kamrani v. United Servs. Auto. Ass'n, No 2:15CV478, 2016 WL 1253533, at *3 (E.D. Va. Mar. 22, 2016); Raindance Techs., Inc. v. 10x Genomics, Inc., No. CV 15-152-RGA, 2016 WL 927143, at *2 (D. Del. Mar. 4, 2016).

Although these cases do not deal with claims of patent invalidity, the same principle applies; that is, the abrogation of Rule 84 and Form 18 eliminated any reason to deviate from Twombly/Iqbal in pleading patent claims. We will follow the federal

---

[3] Defendant also argues that it should be allowed to plead minimally because Plaintiff's complaint is deficient. The Eastern District of Pennsylvania has already rejected the "principle of permitting the defendant to plead less to survive a motion to dismiss based on apparent deficiencies in the plaintiff's pleading[.]" Tyco, 777 F. Supp. 2d at 904. Here, as in Tyco, the Court repeats, "two wrongs do not make a right." Id. "If the plaintiff does not plead a plausible claim for relief . . . the defendant is entitled to seek, and obtain, dismissal of the complaint." Id. Defendant is not entitled to proceed on this theory and to plead insufficiently simply because it has neglected to exhaust its procedural rights.

district courts in our circuit that have applied <u>Twombly/Iqbal</u>'s pleading standard to counterclaims of invalidity.[4]

Defendant's invalidity counterclaims here are substantively indistinguishable from those that were deemed insufficient under <u>Twombly/Iqbal</u> in <u>Tyco</u>, <u>Idenix</u>, and <u>Senju</u>. They read:

> The claims of the [Asserted Patent] are invalid for failure to satisfy one or more of the conditions for patentability specified in Title 35 of the United States Code, including but not limited to §§101, 102, 103, 112, and 132.

<u>See</u> Doc. No. 39 at 15-18 of 20.

Defendant has pled no facts to support its claim for relief, and has neglected to identify a distinct legal basis for its claims, choosing instead to assert that five sections of Title 35 of the United States Code (§101, §102, §103, §112, and §132) may make Plaintiff's asserted patents invalid. We find this fails to meet the <u>Twombly/Iqbal</u> pleading standard.

Therefore, we GRANT Plaintiff's Motion to Dismiss as to

---

[4] We acknowledge Defendant's argument that the detail Plaintiff seeks will be revealed through discovery, and that the parties modeled their Joint Discovery Plan and deadlines for service of Defendant's invalidity contentions after the Local Patent Rules in the Eastern District of Texas and the Northern District of California, but the Eastern District of Pennsylvania has not adopted any local patent rules and we agree with Judge Robreno who stated in <u>Tyco</u> that "[u]sing local patent rules to alter a defendant's pleading obligations, while perhaps practical given the very unique nature of federal patent litigation, offends the trans-substantive character of federal procedure." <u>Tyco</u>, 777 F. Supp. 2d at 904 (citing Fed. R. Civ. P. 1). Judge Robreno noted further that even when local patent rules are adopted, "they [cannot] modify a defendant's pleading standard for counterclaims under the national rules." <u>Id.</u> (citing Fed. R. Civ. P. 83(a)(1))

counterclaims Nos 8-14. We will GRANT Defendant LEAVE TO AMEND these claims pursuant to Rule 15(a).

**B. Defendant's Noninfringement Counterclaims**

Plaintiff and Defendant disagree about whether Form 18 still applies for noninfringement claims. We address their arguments below.

It appears Form 18 was never applicable to claims of indirect infringement, and that the recent amendments to the Federal Rules are therefore irrelevant to indirect infringement claims. See In re Bill of Lading, 681 F.3d at 1335-36; Gradient Enters., Inc., v. Skype Techs. S.A., 932 F. Supp. 2d 447, 453 (W.D.N.Y. 2013); TSMC Tech., Inc. v. Zond, LLC, No. CV 14-721-LPS-CJB, 2015 WL 661364, at *7 (D. Del. Feb. 13, 2015); Goade v. Parker Compound Bows, Inc., No. 3:15-1067, 2016 WL 2986349, at *2 (M.D. Tenn. May 24, 2016)(citing Superior Indus., LLC v. Thor Global Ents. Ltd, 700 F.3d 1287, 1295 (Fed. Cir. 2012). Accordingly, we apply the Twombly/Iqbal standard to those claims.

In Gradient, the counterclaim that was deemed insufficient under Twombly/Iqbal alleged "[defendants] have not infringed and are not infringing any valid claim of the '207 Patent directly, contributorily, by way of inducement, literally or under the doctrine of equivalents." Gradient, 932 F. Supp. 2d 447, 453 (W.D.N.Y. 2013). In TSMC, a plaintiff's "extremely sparse" indirect noninfringement

10

counterclaims stating only that "[Plaintiff] has not infringed and does not infringe . . . contributorily, or by inducement . . . any claim of the [patents-in-suit]" were similarly insufficient. TSMC, 2015 WL 661364, at *7. (internal quotation marks omitted).

Defendant's noninfringement counterclaims are almost identical to those in Gradient and TSMC. They read: "Ricoh has not infringed and does not infringe, either directly, indirectly, contributory [sic], or by inducement, any valid and enforceable claims of the [asserted] patent either literally or under the doctrine of equivalents, willfully, or otherwise." Doc. No. 39 at 12-15 of 20. Because we are applying the Twombly/Iqbal standard, we find Defendant has not plausibly alleged a counterclaim for indirect noninfringement. Therefore, to the extent that Defendant's counterclaims (Nos. 1-7) seek a declaration of indirect noninfringement, we GRANT Plaintiff's Motion to Dismiss. We also GRANT Defendant LEAVE TO AMEND those counterclaims pursuant to Rule 15(a).

To the extent Defendant's noninfringement counterclaims seek judgments declaring that they have not directly infringed Plaintiff's patents, the December 2015 amendments to the Federal Rules are relevant. District courts have found that Form 18's paradigm for pleading direct infringement claims "no longer provides the proper measure for the sufficiency of a complaint and that the Twombly and

Iqbal pleading standards apply."[5] Windy City Innovations, LLC v. Microsoft Corp., No. 16-CV-01729-YGR, 2016 WL 3361858, at *4-5 (N.D. Cal. June 17, 2016); see also Goade v. Parker Compound Bows, Inc., No. 3:15-1067, 2016 WL 2986349, at *2 (M.D. Tenn. May 24, 2016)(citation omitted); Mayne Pharma Int'l PTY Ltd. V. Merck & Co., No. CV 15-438-LPS-CJB, 2015 WL 7833206, at *2 (D. Del. Dec. 3, 2015); Tannerite Sports, LLC v. Jerent Enterprises, LLC, No. 6:15-CV-00180-AA, 2016 WL 1737740, at *3 (D. Or. May 2, 2016); Richtek Tech. Corp. v. uPi Semiconductor Corp., No. C 09-05659 WHA, 2016 WL 1718135, at *2 (N.D. Cal. Apr. 29, 2016); Ruby Sands LLC v. American National Bank of TX, No. 2:15-CV-1955-JRG, 2016 WL 3542430, at *4 (E.D. Tex. June 28, 2016); Raindance Techs., Inc. v. 10x Genomics, Inc., No. CV 15-152-RGA, 2016 WL 927143, at *2 (D. Del. Mar. 4, 2016).

Nevada's District Court, an outlier, referred to the Advisory Committee's Note relied on by Defendant here and interpreted it to mean that Form 18 still provides the standard for pleading claims of direct patent infringement. Hologram USA, Inc. v. Pulse Evolution Corp., No. 2:14-cv-0772-GMN-NJK, 2016 WL 199417, at *2 n.1 (D. Nev. Jan. 15, 2016). The District Court in Oregon declined to follow Hologram USA for policy reasons. See Tannerite, 2016 WL 1737740, at

---

[5] Before the amendment, this Court noted that the "inconsistency between the Supreme Court's interpretation of Rule 8(a) (i.e. Twombly/Iqbal) and the forms Rule 84 validates should be remedied[.]" Tyco, 777 F. Supp. 2d at 905. Other federal courts have made similar recommendations. See, e.g., Ingeniador, LLC v. Interwoven, 874 F. Supp. 2d 56, 67 (D.P.R. 2012). ("[T]he forms accompanying the Federal Rules . . . should be updated to include the specificity required by Twombly and Iqbal.").

12

*4. The court remarked:

> Consistent adjudication is a primary concern not only in applying the law in a uniform manner, but also in accurately apprising parties to patent suits of the relevant legal standards . . . [i]f the Court were to follow Hologram USA as defendant requests, there would be scant legal justification for the ruling, as invoking a nonexistent form is tenuous jurisprudence at best. After all, if the Court follows Form 18 now, should the court then continue to apply it in future patent cases? If not, when should a line be drawn?

Tannerite, 2016 WL 1737740, at *4.

We share the Tannerite Court's concerns and do not find it unjust to abandon the Form 18 pleading standard at this juncture. We also find, pursuant to the Supreme Court's Order regarding the Federal Rules of Civil Procedure's recent amendments, see *Supreme Court's Order*, *supra*, that abandoning the Form 18 pleading standard and applying Twombly/Iqbal's standard to an pleading filed after the amendments took effect is "practicable" and necessary for the resolution of inconsistent case law. See Tannerite, 2016 WL 1737740, at *5.

Applying Twombly and Iqbal to Defendant's noninfringement counterclaims, to the extent they seek declarations of direct noninfringement, we find those counterclaims lack the plausibility and particularized facts required to sufficiently state a claim for relief. We therefore GRANT Plaintiff's Motion to Dismiss and further GRANT Defendant LEAVE TO AMEND those Counterclaims pursuant to Rule 15(a).

## **<u>Conclusion</u>**

For the foregoing reasons, we GRANT Plaintiff's Motion to Dismiss Defendant's Fourteen Counterclaims in full. We further GRANT Defendant LEAVE TO AMEND its fourteen counterclaims.

14